UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DICKEY,<br><br>                          Plaintiff,<br>v.<br><br>D. STRAYHORN and D. PARAMO,<br>                       Defendants. | Case No.: 17-cv-546 JLS (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 10] |

On April 11, 2017, Plaintiff filed with the Court a letter requesting that he be appointed counsel. (ECF No. 10.) Although not filed properly in the form of a motion, the Court construes Plaintiff's letter as a motion for appointment of counsel.[1] Having reviewed Plaintiff's request for counsel in conjunction with the case record, and for the reasons below, the Court concludes that Plaintiff fails to meet the criteria for the Court to appoint him counsel at this time. Accordingly, Plaintiff's motion is **DENIED without prejudice**.

## I. LEGAL STANDARD

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit has

---

[1] In addition, Plaintiff submitted letters on April 24, 2017, and May 5, 2017, regarding his request for the appointment of counsel. (ECF Nos. 8, 10.) The Court construes these letters as supplements to Plaintiff's motion for appointment of counsel.

held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## II. DISCUSSION

### A. Plaintiff's Likelihood of Success on the Merits of His Claim

Plaintiff's complaint alleges claims of excessive force in violation of the Eighth Amendment prohibition of cruel and unusual punishment. (ECF No. 1.) Plaintiff alleges that Defendant Strayhorn, a clinic officer at the R.J. Donovan Correctional Facility where Plaintiff is incarcerated, used excessive force when he handcuffed Plaintiff, slammed Plaintiff to the ground, and then kicked Plaintiff above his right eye with his steel-toed boot without provocation. (*Id.* at 3–7.) Plaintiff alleges that Defendant Paramo, Warden of the R.J. Donovan Correctional Facility, violated his Eighth Amendment rights when he allowed Defendant Strayhorn to injure him in the way described above. (*Id.* at 2.)

When a prison guard stands accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In analyzing an Eighth Amendment excessive force claim, courts consider the following factors: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Id.*

To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations. *See Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test."). Here, Plaintiff has not offered evidence that supports a likelihood of success on the merits of the allegations made in his complaint. Although the medical report that Plaintiff attached to his complaint is some evidence of the severity of the injury that Plaintiff suffered (ECF No. 1 at 19), the Court has no evidence before it as to how Plaintiff was injured in general, much less evidence specifically relating to the other factors relevant to an excessive force claim, such as any threat that Defendant Strayhorn reasonably perceived and any need for the application of force under the circumstances.[2] Without such evidence, the Court cannot make a determination that the force Defendant Strayhorn used on Plaintiff, if any, was not applied in a good-faith effort to maintain or restore discipline but was instead applied maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 7. Thus, at this early stage of the case, when Defendants have not yet filed a response to Plaintiff's complaint and the parties have not yet engaged in discovery, the Court cannot find that Plaintiff is likely to succeed on the merits of his claim. *See Garcia v. Smith*, No. 10-cv-1187 AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).

For the reasons above, the Court concludes that Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his request for counsel.

---

[2] Plaintiff admits in the complaint to calling Defendant Strayhorn names and to standing up to face Defendant Strayhorn when he approached Plaintiff. (ECF No. 1 at 3–7.) Thus, without any evidence as to the extent of Plaintiff's actions toward Defendant Strayhorn, the Court cannot make a determination as to whether any threat that Plaintiff made against Defendant Strayhorn, if any, was perceived reasonably.

### B. Plaintiff's Ability to Articulate Claims Without the Assistance of Counsel

Plaintiff also argues in his motion and supplemental documents that a number of circumstances demonstrate that he is unable to articulate his claims *pro se*. First, Plaintiff argues that the Court should appoint him counsel because he does not know how to represent himself (ECF No. 6 at 2), he cannot afford an attorney (ECF No. 8 at 1), and he is a layman with no legal experience or knowledge (*id.*). These burdens are common to most prisoners representing themselves *pro se* and do not establish the exceptional circumstances that would support the appointment of counsel. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

Second, Plaintiff argues that the Court should appoint him counsel because he "take[s] a lot of psych medication" and is "not mentally stable too [sic] put up a fight to defendant." (*Id.*) While the Court is sympathetic to Plaintiff's situation, this factor, on its own and without a showing that Plaintiff is likely to succeed on the merits of his claims, is insufficient to demonstrate the type of exceptional circumstances that would necessitate the appointment of counsel. The Court has reviewed Plaintiff's complaint and other filings on the docket and finds that any mental disability from which Plaintiff may suffer has not prevented him from effectively communicating with the Court. Plaintiff's filings thus far are well written, organized, and clear, and the Court is able to understand Plaintiff's claims and the relief that he seeks. In addition, this case is not extraordinarily complex. It involves excessive force Eighth Amendment claims against two defendants, and the facts are fairly straightforward. Thus, Plaintiff has shown that despite any mental disability that he may suffer, he has been able to articulate his claims in light of the complexity of his case.

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

curiam) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claims in light of the complexity of the issues involved, as Plaintiff is here, the exceptional circumstances that might support the appointment of counsel do not exist.

### III. CONCLUSION

Viewing the exceptional circumstances factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claims and litigate this action *pro se*. Accordingly, Plaintiff has not established the exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), and Plaintiff's motion for appointment of counsel (ECF No. 10) is **DENIED**. This denial is **without prejudice**, however, and Plaintiff is therefore not precluded from requesting the appointment of counsel at a later stage in this case, should he be able to make the requisite showing of exceptional circumstances at that time.

**IT IS SO ORDERED.**

Dated: May 25, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge