UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DICKEY,<br><br>                           Plaintiff,<br>v.<br><br>D. STRAYHORN and D. PARAMO,<br>                          Defendants. | Case No.: 17-cv-00546 JLS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL**<br><br>[ECF Nos. 26 & 20] |

      Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Second Motion to Appoint Counsel. (ECF No. 26.) Plaintiff, Gary Dickey, is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. On April 26, 2017, Plaintiff filed a letter requesting that he be appointed counsel. (*See* ECF No. 8.) On May 12, 2017, Plaintiff filed a second letter requesting counsel. (ECF No. 10.) The Court construed this letter as a motion for appointment of counsel and denied Plaintiff's motion because he had not established that the extraordinary circumstances necessary to appoint counsel existed at that time. (ECF No. 13.) On July 10, 2017, Plaintiff filed a second motion for appointment of counsel. (ECF No. 15.) On July 21, 2017, the Court again denied Plaintiff's motion, finding that Plaintiff had failed to demonstrate a likelihood of success on the merits and that his filings demonstrated he was

able to articulate his claims *pro se*. (ECF No. 20.) Plaintiff filed the present motion on August 8, 2017, seeking reconsideration of the Court's ruling. (ECF No. 26.)

Having reviewed Plaintiff's request for reconsideration in conjunction with the case record, and for the reasons below, the Court concludes that Plaintiff fails to raise new facts or circumstances demonstrating that the criteria for the Court to appoint him counsel have been met. Accordingly, Plaintiff's motion is **DENIED**.

## I. LEGAL STANDARDS

A district court has the inherent power to rescind, reconsider, or modify its interlocutory orders prior to the entry of judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). Rule 54(b) provides that any order resolving fewer than all claims among the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

Local Civil Rule 7.1(i) governs motions for reconsideration in the Southern District of California, providing in part—

> it shall be the continuing duty of each party and attorney seeking such relief to present to the judge . . . an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

Civ. L.R. 7.1(i)(1).

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit has held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010) (quoting *Agyeman v. Corrs. Corp. of Am.*,

390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## II. DISCUSSION

In deciding the second motion for appointment of counsel, the Court considered both Plaintiff's likelihood of success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. (*See* ECF No. 20.) Plaintiff has not provided additional evidence that demonstrates he is likely to succeed on the merits of his claims. Although Plaintiff has provided additional facts regarding his ability to articulate his claims without the assistance of counsel, Plaintiff has not established that he is unable to articulate his claims *pro se*. Accordingly, Plaintiff's motion for reconsideration is denied.

### A. Plaintiff's Likelihood of Success on the Merits of His Claim

Plaintiff's complaint alleges claims of excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (ECF No. 1.) Plaintiff alleges that Defendant Strayhorn, a clinic officer at the R.J. Donovan Correctional Facility, used excessive force when he handcuffed Plaintiff, slammed Plaintiff to the ground, and then kicked Plaintiff above his right eye with his steel-toed boot without provocation. (*Id.* at 3–7.) Plaintiff alleges that Defendant Paramo, Warden of the R.J. Donovan Correctional Facility, violated his Eighth Amendment rights when he allowed Defendant Strayhorn to injure him in the way described above. (*Id.* at 2.)

When a prison guard stands accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

3

17-cv-00546 JLS (JLB)

harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In analyzing an Eighth Amendment excessive force claim, courts consider the following factors: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Id.*

To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations. *See Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

In his prior motions for appointment of counsel, Plaintiff failed to offer sufficient evidence to support a likelihood of success on the merits of the allegations made in his complaint. (*See* ECF Nos. 13 & 20). Plaintiff's current motion for reconsideration also fails to provide evidence demonstrating that Plaintiff is likely to succeed on the merits of his claims. The instant motion does not provide any evidence regarding "new or different facts and circumstances [that] are claimed to exist which did not exist, or were not shown" in Plaintiff's prior motions to appoint counsel. *See* Civ. L.R. 7.1(i)(1). Instead, the motion recounts Plaintiff's view of the events forming the basis of his complaint without attaching any other new evidence. As the Court has previously stated, the Court has no evidence before it as to how Plaintiff was injured in general, much less evidence specifically relating to the other factors relevant to an excessive force claim, such as any threat that Defendant Strayhorn reasonably perceived and any need for the application of force under the circumstances.[1] Without such evidence, the Court cannot make a

---

[1] Plaintiff admits in the complaint to calling Defendant Strayhorn names and to standing up to face Defendant Strayhorn when he approached Plaintiff. (ECF No. 1 at 3-7.) Thus, without any evidence as to the extent of Plaintiff's actions toward Defendant Strayhorn, the Court cannot make a determination as to whether Defendant Strayhorn reasonably perceived a threat by Plaintiff against him.

determination that the force Defendant Strayhorn used on Plaintiff, if any, was not applied in a good-faith effort to maintain or restore discipline but was instead applied maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 7. Thus, as previously explained to Plaintiff, at this early stage of the case where Defendants have not yet filed an answer to Plaintiff's complaint and the parties have not yet engaged in discovery, the Court cannot find that Plaintiff is likely to succeed on the merits of his claim. *See Garcia v. Smith*, No. 10-cv-1187 AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).

For the reasons above, the Court concludes that Plaintiff fails to set forth new evidence to satisfy the first "exceptional circumstances" factor that would support his request for counsel.

### B. Plaintiff's Ability to Articulate Claims Without the Assistance of Counsel

Plaintiff has previously argued, and the Court considered in its prior rulings, that Plaintiff should be appointed counsel for the following reasons: Plaintiff does not know how to represent himself (ECF No. 6 at 2); he cannot afford an attorney (ECF No. 8 at 1); he is a layman with no legal experience or knowledge (*id.*); he "had someone put in a [ ] lot of work to help me fill out my civil rights complaint" (*id.*); Plaintiff "take[s] a lot of psych medication for his mental health problems" and is "not stable enough to defendant himself, especial[l]y against a professional like the DA" (ECF No. 15 at 1); and Plaintiff has "been taking medication since the age of 13 years and in and out of hospitals for suicidal attempts on [his] life." (*Id.*) In the present motion, Plaintiff argues that another inmate has been assisting him with filings in this case, and that he does not have access to the law library because he is in a mental health setting, and instead has access to a computer that he does not know how to use. (ECF No. 26 at 1-2.)

Plaintiff has not provided the Court with new evidence estabishing that he is unable to articulate his claims without the assistance of counsel. To the extent that Plaintiff argues that he had assistance with filings in this case and cannot prepare filings on his own,

Plaintiff previously informed the Court that he had significant assistance in preparing the complaint (ECF No. 8 at 1), and has not demonstrated that he is unable to prepare filings without the assistance of counsel. The Court is sympathetic to Plaintiff's inability to operate a computer, which he alleges is his only source for legal resources while in the mental health unit; however, at this stage in the litigation, these circumstances do not appear to have impacted Plaintiff's ability to articulate his claims. As the Court has previously noted, Plaintiff's filings thus far are well written, organized, and clear, and the Court is able to understand Plaintiff's claims and the relief that he seeks. Additionally, this factor, on its own and without a showing that Plaintiff is likely to succeed on the merits of his claims, is insufficient to demonstrate the type of exceptional circumstances that would necessitate the appointment of counsel.

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claims in light of the complexity of the issues involved, as Plaintiff is here, the exceptional circumstances that might support the appointment of counsel do not exist.

### III. CONCLUSION

Viewing the exceptional circumstances factors together, Plaintiff has not established new facts or circumstances showing a likelihood of success on the merits of his claims and that he is unable to articulate his claims and litigate this action *pro se*. Accordingly, Plaintiff has not established the exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) in this motion or his prior motions for

appointment of counsel.  Plaintiff's motion for reconsideration of the Court's denial of his second motion for appointment of counsel (ECF No. 26) is **DENIED**.  This denial does not preclude Plaintiff from requesting the appointment of counsel at a later stage in this case, should he be able to make the requisite showing of exceptional circumstances at that time.

**IT IS SO ORDERED.**

Dated:  September 26, 2017

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge