UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DICKEY,<br><br>         Plaintiff,<br><br>v.<br><br>D. STRAYHORN and D. PARAMO,<br><br>         Defendant. | Case No.: 17-CV-546 JLS (JLB)<br><br>**ORDER: (1) ADOPTING REPORT & RECOMMENDATION; AND**<br>**(2) GRANTING DEFENDANT D. PARAMO'S MOTION TO DISMISS**<br><br>(ECF Nos. 22, 35) |

   Presently before the Court is Magistrate Judge Jill L. Burkhardt's Report and Recommendation, ("R&R," ECF No. 35), recommending that the Court grant Defendant D. Paramo's Motion to Dismiss, (ECF No. 22). No party filed an objection or a reply to Judge Burkhardt's R&R. For the following reasons, the Court (1) **ADOPTS** Judge Burkhardt's R&R in its entirety and (2) **GRANTS** Defendant's Motion to Dismiss, (ECF No. 22).

/ / /
/ / /
/ / /
/ / /
/ / /

1

## BACKGROUND

Judge Burkhardt's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion to Dismiss. (*See* R&R 2–4.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

As discussed, neither Plaintiff nor Defendant filed an objection or a reply to Judge Burkhardt's R&R. Plaintiff's objections were due February 12, 2018—none were filed. (R&R 14.) And, after review of the moving papers and Judge Burkhardt's R&R, the Court finds "that there is no clear error on the face of the record" and thus the Court may "accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell*, 510 F.2d at 206). Plaintiff brings claims, under 42 U.S.C. § 1983, against corrections officers and the warden at R.J. Donovan Correctional Facility. Defendants' Motion to Dismiss

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

only concerns Warden Paramo's liability. The Court agrees with Judge Burkhardt that Plaintiff has failed to allege sufficient facts that demonstrate liability under 42 U.S.C. § 1983 on the part of Warden Paramo. A defendant may be liable as a supervisor "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Thus, personal, supervisory liability "exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646 (internal quotation marks omitted). Judge Burkhardt's R&R evaluated Plaintiff's claims against Warden Paramo as to personal participation and policy implementation theories of liability. The Court reviews each theory in turn.

First, Judge Burkhardt concludes that Plaintiff's Complaint fails to state a claim under a personal, vicarious liability theory. (*See* R&R 10.) The only allegation in Plaintiff's Complaint against Warden Paramo is: "he lets these officers treat us any kind of way. They are known for slamming inmates to the ground when their [sic] cuffed up." (*Id.* at 4 (quoting Compl., ECF No. 1, at 2).) Plaintiff also attached several CDCR Form 22's[2] to his Complaint, which contained allegations such as: "You [Warden Paramo] know that the officers here are slamming people on the ground when we are cuffed up. Then they lie and say we attacked them first and thats [sic] why a few of your officers have complaints against them. And you are very aware of what your officers are doing too [sic] us. And you don't do nothing about it." (*Id.* (alteration in original) (quoting Compl. 16).)

The Court agrees with Judge Burkhardt that liability under section 1983 is based only on the defendant's individual actions—not vicarious liability. (*Id.* at 10 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); and *Starr*, 652 F.3d at 1207).) Plaintiff

---

[2] CDCR Form 22 is an Inmate/Parolee Request for Interview, Item or Service. (*See* Compl. 15.)

has not alleged sufficient facts to demonstrate Warden Paramo's personal involvement in the incidents in his Complaint. The allegations only speak to what Warden Paramo supposedly knew about his officers—not that Warden Paramo was personally involved.

Second, the Court also agrees with Judge Burkhardt that Plaintiff's deliberate indifference theory against Warden Paramo fails because Plaintiff's Complaint does not allege a "sufficient causal connection" between the alleged wrongful conduct and a constitutional violation committed by his subordinates. (*Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Starr*, 652 F.3d at 1205–07).) Plaintiff does not include factual allegations that would allow the Court to find Plaintiff's Complaint states a claim for relief, plausible on its face. Instead, Plaintiff's Complaint and its exhibits only contain bald and conclusory allegations—"You know that the officers here are slamming people on the ground when cuffed up . . . .you are very aware of what your officers are doing too [sic] us," (Compl. 16). Plaintiff does not include factual allegations that Warden Paramo knew of unconstitutional conduct and acquiesced in that conduct. (*See* R&R 13.) Therefore, the Court finds no clear error in Judge Burkhardt's R&R.

Accordingly, the Court **ADOPTS** Judge Burkhardt's R&R in its entirety and **GRANTS** Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court (1) **ADOPTS** Judge Burkhardt's R&R in its entirety, and (2) **GRANTS** Defendant's Motion to Dismiss as to Warden Paramo, (ECF No. 22). The Court agrees with Judge Burkhardt's recommendation to dismiss Plaintiff's Eighth Amendment claims without prejudice. The Complaint's deficiencies could be cured by factual allegations addressing Judge Burkhardt's findings. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Eighth Amendment cause of action against Defendant Paramo. If Plaintiff wishes to re-allege his claims against Warden Paramo, Plaintiff may file an amended complaint <u>within thirty (30) days</u> from the date which this Order is electronically filed. Plaintiff is cautioned that should he choose to file a First Amended Complaint, it must be complete by itself, comply with Federal Rule of

4

Civil Procedure 8(a), and that any claim, against any and all defendant not re-alleged will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

Dated: March 8, 2018

Hon. Janis L. Sammartino
United States District Judge